FINAL COPY
294 Ga. 612

S14Y0294.  IN THE MATTER OF RICHARD WESLEY KELLEY.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline of Richard Wesley Kelley (State Bar No. 412398).  Kelley, who was admitted to the Bar in 1998,  seeks to resolve five separate matters, requests an indefinite suspension, or, alternatively, surrender of his license.  The petition discloses that on October 15, 2012, and June 4, 2013, Kelley was arrested on charges relating to his handling of clients' funds and that the charges remain pending.

With respect to State Disciplinary Board ("SDB") Dkt. No. 6449, Kelley admits that he began representing a couple in 2010 in a business dispute and, in August 2012, received $100,000 from one of his clients to hold in his trust account with the understanding that the funds would be used to settle the business dispute.  When asked by his client to release some of the funds, Kelley failed to promptly deliver the funds,  failed to promptly render a full accounting, and failed to respond to his client's grievance.

In connection with SDB Dkt. No. 6470 Kelley admits that in March 2012

he was retained to represent a client arrested for driving under the influence and was paid $1,500. On September 1, 2012, Kelley's license to practice law was suspended for non-payment of Bar dues, but he did not inform his client. Kelley also failed to notify his client of a court date in his case, failed to attend court on that date, and as a result, a warrant was issued for the client's arrest. Although Kelley promised his client that he would address the problem, he failed to do so, failed to refund any of the fee, and failed to respond to the client's grievance.

In connection with SDB Dkt. No. 6471 Kelley admits that in July 2011 he settled a personal injury case without consulting his client and without her authorization. He failed to promptly notify his client of the receipt of $50,000 from the liability insurer, failed to promptly deliver the funds to her, and failed to promptly render a full accounting of the funds. When his client told him that she had completed her medical treatment several months after he had settled the case, he told her he would begin working on her claim and continued to tell her that for the next several weeks, but then ceased communicating with her. He also failed to respond to her grievance.

In connection with SDB Dkt. Nos. 6472 and 6473, Kelley admits that while representing the husband in a divorce matter in 2009, he agreed with

opposing counsel to hold in trust funds received when the wife's car was totaled in an accident during the pendency of the divorce action. In November 2011, he received $16,910.50 from State Farm, which represented the value of the totaled vehicle. Kelley did not notify his client or opposing counsel of his receipt of the funds and misrepresented the status of the funds to the court in a June 2012 hearing. He did not deliver the funds to his client or opposing counsel and did not render an accounting of the funds. He ceased communications with his client after the June 2012 court hearing, did not notify his client of the September 2012 suspension of his license, did not complete the divorce, did not refund any of the $23,000 paid to him by the client, and failed to file a response to the grievances filed by the client and the client's wife.

Kelley admits that by his conduct he violated Rules 1.2, 1.3, 1.4, 1.15 (I), 1.16, and 8.4 (a) (4). The maximum sanction for a violation of Rules 1.2, 1.3, 1.15 (I), and 8.4 is disbarment, and the maximum sanction for a violation of Rules 1.4 and 1.16 is a public reprimand. In mitigation, Kelley submits the following: (1) during the relevant time frame, he was suffering from major depression, had substance abuse problems, and these problems rendered him incapacitated to practice law; (2) in February 2013 he and his wife were in a

3

serious automobile accident; his wife was killed and he was severely injured, and during this difficult time, he failed to update the Bar with his current address, so the notices of investigation in these matters went to his old office, and he did not receive them; (3) in April and May 2013, he attended a 28-day residential treatment program in Idaho; and (4) he has maintained a cooperative attitude towards the disciplinary process.

Kelley requests that the Court accept his request for an indefinite suspension, with his reinstatement conditioned on payment of restitution to his clients and upon providing a thorough psychological evaluation certifying his fitness to practice law. Alternatively, he requests that the Court accept the voluntary surrender of his license, stating that he has ceased the practice of law and will not engage in the practice of law pending the Court's final order.

The State Bar responds that it does not have information documenting the extent of Kelley's impairment or prognosis, but regardless, does not believe that Kelley's impairment mitigates his dishonest conduct. It agrees that Kelley has been cooperative since retaining counsel, but states that he was not cooperative prior to that time. The State Bar shows as aggravating factors that these matters involve multiple cases and multiple violations of the Rules of Professional

4

Conduct, that his clients suffered substantial harm, that he has made no restitution, that his misconduct was motivated by dishonest and selfish motives, that his misconduct also constituted illegal conduct, and that he had a Review Panel reprimand in 2012. Thus, the State Bar requests that the Court accept the petition as to the surrender of Kelley's license to practice law.

Having reviewed the petition and response, and having considered the substantial harm caused by Kelley to multiple clients through his pattern of misconduct, the Court agrees to accept the petition and the voluntary surrender of Kelley's license to practice law, which is tantamount to disbarment. Therefore, it is hereby ordered that the name of Richard Wesley Kelley be removed from the rolls of persons authorized to practice law in the State of Georgia. Kelley is reminded of his duties pursuant to Bar Rule 4-219 (c).

Voluntary surrender of license accepted. All the Justices concur.

Decided February 24, 2014.

Voluntary surrender of license.

Ashley L. McCartney, for Kelley.

Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar, for State Bar of Georgia.